IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 1:17-cv-00669-LTB-MJW

JAY ALLEN FREY

      Plaintiff,
v.

STEVE REAMS, in his official capacity as Sheriff of Weld County;
NANCY KROLL, in her official capacity as Director of Inmate Services for Weld County Jail;
CORRECT CARE SOLUTIONS LLC, medical provider for Weld County Jail;
DR. MARGO GEPPERT, individually and in her official capacity as employee or contractor for Correct Care Solutions;
GREG THARP, individually and in his official capacity as police officer for the City of Greeley;
WES DONEY, individually and in his official capacity as police officer for the City of
Greeley.

      Defendants.

---

## ORDER

---

This civil rights case is before me on a motion to stay filed by Defendants Nancy Kroll and Steve Reams (ECF No. 81) and joined by Defendants Correct Care Solutions and Margo Geppert (ECF No. 83). Sheriff Reams and Ms. Kroll ask this Court to stay the case pending resolution of their pending motions to dismiss based on qualified immunity. (ECF Nos. 81, 83.) While they do not assert a qualified immunity defense, Correct Care Solutions and Ms. Geppert propose staying the entire case in the interests of judicial economy and to avoid wasting resources. (ECF No. 83.) Defendants Greg Tharp and Wes Doney do not oppose the stay motion. (ECF No. 93.)

Plaintiff Jay Frey opposes the stay request, and instead proposes limited discovery aimed at ascertaining whether Sheriff Reams and Ms. Kroll are entitled to qualified immunity. (ECF No. 94.)

After considering the parties' briefs, I conclude that a stay pending resolution of the motions to dismiss is appropriate. I accordingly GRANT the motion to stay (ECF No. 81.)

## I. Background

I described the allegations in the third amended complaint (ECF No. 48-1) in more detail in an earlier order (ECF No. 71), and I only briefly recount them here.

Mr. Frey alleges that Officers Tharp and Doney used excessive force when they arrested him, ultimately leaving him blind in his right eye and causing other permanent injuries. He also alleges that Sheriff Reams, Ms. Kroll, Correct Care Solutions, and Margo Geppert provided inadequate medical treatment while he was in jail, and that all the defendants were negligent during his arrest, custody, and care.

All the defendants have moved to wholly or partially dismiss the case on various grounds. (ECF Nos. 78-80.) In their motion to dismiss, Ms. Kroll and Sheriff Reams argue they are entitled to qualified immunity. (ECF No. 80.) In light of their qualified immunity defense, Ms. Kroll and Sheriff Reams have asked to stay the case, including any discovery, pending the outcome of their motion. (ECF No. 81).

## II. ANALYSIS

While the federal rules do not expressly provide for a stay of proceedings, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A court therefore has the discretion to stay proceedings, including discovery, if the stay is warranted under the particular circumstances of the case. *See id.*

"[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citation omitted). Accordingly, if a defendant asserts qualified immunity defense, the defendant is likely entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) ("Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." (alteration and quotation omitted)); *Workman*, 958 F.2d at 336.

Despite this law, Mr. Frey argues against a stay. (ECF No. 94.) He argues that I should permit limited discovery related to Sheriff Reams and Ms. Kroll's qualified immunity defense and that, in any event, Sheriff Reams and Ms. Kroll are not entitled to qualified immunity. (*Id.*) As for the first argument, this case is

3

at the motion to dismiss stage, and Mr. Frey does not articulate how any discovery would bear on a motion to dismiss, which turns on the allegations in the pleadings. *See* Fed. R. Civ. Pro. 12(b)(6); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). As for the second argument, it puts the cart before the horse. I have not yet resolved whether Sherriff Reams and Ms. Kroll are entitled to qualified immunity, and until I do, a stay is appropriate under Tenth Circuit precedent. *See Workman*, 958 F.2d at 336.

I also agree that staying the entire case is appropriate, even though all the defendants do not raise a qualified immunity defense. If I permitted discovery to continue as to the other defendants, it would likely require Sherriff Reams and Ms. Kroll to participate in the process or risk compromising their litigation position:

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

### III. Conclusion

I GRANT the motion to stay. (ECF No. 81.) All proceedings in this matter are stayed until I rule on Sherriff Reams's and Ms. Kroll's pending motion to dismiss. (ECF No. 80.) In light of the stay, the scheduling order and its associated deadlines (ECF No. 64) are VACATED.

Dated: October  4 , 2017 in Denver, Colorado.

                                                  BY THE COURT:

                                                  s/Lewis T. Babcock
                                                  LEWIS T. BABCOCK